Dear Mayor Scott:
You advise this office that the Town of Lutcher is governed by the provisions of the Lawrason Act, La.R.S. 33:361, et seq. You ask this office to advise if the Louisiana Dual Officeholding and Dual Employment Law, La.R.S. 42:61, et seq., prohibits a full-time deputy working for the St. James Parish Sheriffs Office from being appointed to fill a vacancy in the membership of the Town of Lutcher's Board of Aldermen. For the following reasons expressed below, it is the opinion of this office that the dual officeholding provisions prohibit a full-time deputy sheriff from also serving as an interim alderman for the Town of Lutcher at the same time.
A dual officeholding analysis first requires a determination of thetypes of positions held. The position of deputy sheriff is considered anappointive office because it is an "office in any branch of government . . . which is specifically established or specifically authorized by the . . . laws of this state . . . and which is filled by appointment. . . .by an elected . . . public official."[1] The position of deputy sheriff is specifically authorized by law under La.R.S. 33:1433, [2]
and is appointed by the sheriff, an elected public official.[3] *Page 2 
An alderman holds elective office under La.R.S. 42:62(1).[4] By extension, a person appointed to fill a vacancy in the membership of the board of aldermen is considered to hold an elective office for purposes of the dual officeholding law.[5]
Here, the St. James Parish deputy sheriff works on a full-time basis, and is considered to hold full-time appointive office for purposes of dual officeholding. La.R.S. 42:63(D)[6] prohibits one from holding elective office and full-time appointive office. It is the opinion of this office that application of La.R.S. 42:63(D) to these facts prohibits this full-time deputy sheriff from serving as a member of the Town of Lutcher Board of Aldermen. This prohibition is equally applicable to his interim appointment as alderman, or should he be elected alderman at the next election.
However, La.R.S. 42:63(D) does not prohibit one from holding elective office and part-time appointive office. The terms full-time andpart-time are defined by La.R.S. 42:62(4) and (5) as follows:
(4) Full-time means the period of time which a person normally works or is expected to work in an appointive office or employment and which is at least seven hours per day of work and at least thirty-five hours per week of work.
(5) Part-time means the period of time which a person normally works or is expected to work in an appointive office.
If this deputy sheriff changes his work hours from full-time to part-time, the prohibition of La.R.S. 42:63(D) would no longer apply and would not prevent him from accepting the interim appointment as alderman, nor would the statute prevent him from serving as alderman should he be elected to the position. Because a deputy sheriff serves at the pleasure of the sheriff, the Sheriff of St. James Parish has the authority to determine the terms and conditions of the work performed by his appointed deputies within the framework of the applicable laws. *Page 3 
We also point out that La.R.S. 42:66(L)(1) is an exemption to La.R.S.42:63(D), and permits a full-time deputy sheriff to hold the elective office of alderman in a municipality which has a population of two thousand five hundred or less, according to the latest federal decennial. However, this exemption is inapplicable here. The Town of Lutcher has a population of 3,735 residents according to the United States Census for 2000, which is over the maximum of 2,500 required for the exemption to apply.[7]
It is the opinion of this office that a full-time deputy sheriff working for the St. James Parish Sheriffs Office is prohibited from concurrently serving as an alderman for the Town of Lutcher, either through interim appointment or election.
We hope the foregoing is helpful to you. Should you have other questions with which we may provide assistance, please contact this office.
Very truly yours,
JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
BY:__________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:arg
[1] La.R.S. 42:62(2).
[2] La.R.S. 33:1433(A(1) states:
(A)(1) The sheriff of each parish and the civil and criminal sheriffs of the parish of Orleans may appoint as many deputies as necessary, but not more than authorized by law. (2) In all parishes except the parish of Orleans, the deputies shall, before entering on their duties, take the oath of office. The appointment and oath must be entered on the records of the court.
[3] La.Const. Art. V § 27.
[4] La.R.S. 42:62(1) provides:
(1) Elective office means any position which is established or authorized by the constitution or laws of this state or by the charter or ordinances of any political subdivision thereof, which is not a political party office, and which is filled by vote of the citizens of this state or of a political subdivision thereof.
[5] See La. Atty. Gen. Ops. 08-0205, 04-0196 and 93-781.
[6] La.R.S. 42:63(D) provides that "no person holding an elective office in a political subdivision of the state shall at the same time hold another . . . full-time appointive office . . ."
[7] See http://www.census.gov/.